IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARCUS D'KEITH JONES, | § | |
| TDCJ #1376450, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2842 |
| | § | |
| BRAD LIVINGSTON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

State inmate Marcus D'Keith Jones (TDCJ #1376450, former TDCJ #433000) filed this civil rights lawsuit under 42 U.S.C. § 1983, concerning the conditions of his confinement. He appears *pro se* and *in forma pauperis*. After reviewing all of the pleadings and the applicable law as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

## I. BACKGROUND

Jones is currently in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Jones reports that he has been incarcerated in TDCJ previously from 1986 to 1998. Jones was admitted to TDCJ again on August 2, 2006, and assigned to the Byrd Unit in Huntsville, Texas. While at the Byrd Unit, Jones complains that unidentified officials denied him access to outside "legal aid," that they somehow impeded "avenues" for filing unspecified "civil claims," and that they further restricted his ability to complain about these issues to the media.

Jones sues TDCJ Director Brad Livingston and TDCJ Deputy Director Ed Owens. Jones seeks relief in the form of a temporary restraining order and an injunction against the above-referenced restrictions imposed upon him at the Byrd Unit.  The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.   <u>STANDARD OF REVIEW</u>

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances.  Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief").  The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

In conducting the foregoing analysis, a prisoner's *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983). "A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under that standard, courts must assume that the plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See id*. (citations omitted).

III. **DISCUSSION**

A. **Exhaustion**

The PLRA prohibits any action by a prisoner in federal court under 42 U.S.C. § 1983 concerning "prison conditions" until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held repeatedly that § 1997e(a)

3

mandates exhaustion of *all* administrative procedures before an inmate can file suit in federal court. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Porter v. Nussle*, 534 U.S. 516 (2002); *see also Woodford v. Ngo*, — U.S. —, 126 S. Ct. 2378, 2387 (2006) (holding that 42 U.S.C. § 1997e(a) mandates "proper exhaustion," which demands compliance with prison procedural rules).

TDCJ has a two-step administrative procedure for exhausting grievances by inmates with respect to the conditions of their confinement. *See Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998) (outlining the two-step procedure for inmates in TDCJ, which at Step 1 entails submitting an administrative grievance at the institutional level followed by a Step 2 appeal if the result is unfavorable). Jones, who arrived at the Byrd Unit on August 2, 2006, states that he filed an initial grievance about the issues raised in his complaint, but that he did not receive an answer before filing his federal civil rights complaint, which is dated August 22, 2006. Thus, Jones did not exhaust the TDCJ grievance procedure with respect to his claims before filing suit in federal court.

By failing to exhaust administrative remedies, a prisoner deprives prison administrators of the benefits intended by 42 U.S.C. § 1997e(a). *See Porter*, 534 U.S. at 525. Because the pleadings demonstrate that the plaintiff has failed to exhaust available administrative remedies before filing suit in federal court, the complaint must be dismissed.

4

Alternatively, the complaint must be dismissed in this case for other reasons discussed more fully below.[1]

**B.     Personal Involvement**

The only defendants named in the complaint are TDCJ Director Brad Livingston and TDCJ Deputy Director Ed Owens.  The complaint, however, does not allege the requisite personal involvement by these defendants with the substance of Jones's claims.  In that respect, the complaint does not allege that Livingston or Owens were personally involved in any effort to impede access by Jones to outside legal aid, avenues of relief, or the media.

Personal involvement is an essential element of a civil rights cause of action, meaning that there must be an affirmative link between the injury and the defendant's conduct.  *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976)).  In order to successfully plead a cause of action in § 1983 cases, a civil rights plaintiff must "enunciate a set of facts that illustrate the defendants' participation in the wrong alleged." *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).

In this instance, it appears that Jones has named Livingston and Owens as defendants in their capacity as supervisors.  A supervisor may not be held liable for a civil rights violation under a theory of *respondeat superior* or vicarious liability.  *See Monell*, 436 U.S. at 691; *Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir. 2003).  Supervisory officials can only

---

[1]     Whether or not the complaint is exhausted, a court must dismiss a prisoner's complaint if it is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(2).

be held liable if the plaintiff demonstrates either one of the following: (1) the supervisor's personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the deprivation. *See Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987); *see also Southard v. Texas Bd. of Criminal Justice*, 114 F.3d 539, 550 (5th Cir. 1997) ("[T]he misconduct of the subordinate must be affirmatively linked to the action or inaction of the supervisor."). Supervisory liability exists without overt personal participation in an offensive act only if supervisory official implements a policy "so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Thompkins*, 828 F.2d at 304 (quotations omitted).

The complaint does not allege facts showing that Livingston or Owen had any personal involvement with the incident forming the basis of Jones's complaint or that there was any causal connection between a particular policy implemented by these defendants and the alleged wrongful conduct. Jones's conclusory allegations and generalized assertions are not sufficient to state a claim; particular facts are required to specify the personal involvement of each defendant. *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992); *Fee v. Herndon*, 900 F.2d 804 (5th Cir.), *cert. denied*, 498 U.S. 908 (1990). Because the complaint fails to establish the requisite personal involvement, Jones has failed to state a claim against these defendants. In addition, Jones cannot show that he is entitled to the relief that he seeks for other reasons discussed briefly below.

**C.     Claims for Injunctive Relief**

The only type of relief requested by Jones is a temporary restraining order or an injunction. He seeks injunctive relief from restrictions allegedly imposed on him at the Byrd Unit in Huntsville, which operates as the diagnostic intake facility for all prisoners upon their arrival at TDCJ.[2]  The Court has learned that, since the complaint was filed in this case, Jones has been transferred to the Hughes Unit in Gatesville.

Jones indicates that he arrived at TDCJ recently, in August of 2006, to begin serving a new sentence. Thus, it appears unlikely that he will soon return to the Byrd Unit diagnostic intake facility. The vague allegations contained in the pleadings do not otherwise show that Jones's request for injunctive relief concerns constitutional violations that are "capable of repetition yet evading review." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). Under these circumstances, Jones's transfer to a different prison facility renders moot any claim for injunctive relief concerning the conditions of his confinement at the Byrd Unit. *See Oliver*, 276 F.3d at 741; *see also Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (holding that an inmate's transfer from county jail to state prison rendered moot his claims for injunctive relief). Accordingly, the complaint fails to state a claim upon which relief can be granted for this additional reason.

## IV.    CONCLUSION

---

[2]      *See* TDCJ Unit Directory, at www.tdcj.state.tx.us/stat/unitdirectory/all.htm (last visited Nov. 7, 2006).

Based on the foregoing, the Court **ORDERS** as follows:

1.   The plaintiff's complaint is **DISMISSED** with prejudice for failure to state a claim.

**The Clerk shall provide a copy of this order to the parties, and shall provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on **November 9, 2006.**

Nancy F. Atlas
United States District Judge

8